## McCardell v. McCardell.

*Edward D. Mitchell*, for libellant.

*Bertha R. C. McCardell*, respondent, *pro se*.

PER CURIAM.—In this case the master found against the libellant. The libellant has failed entirely to show that his life was in danger at any time. At page 26 of the testimony, when asked if his life was ever in danger, he replied: "Not that I know of."

To prove indignities to the person he attempts to establish a course of conduct, but he fails entirely to show any treatment not provoked by him. He has not furnished that high degree of proof that is required when a libellant relies upon the ground of cruel and barbarous treatment and indignities to the person. His whole testimony consists in exaggerations and false colorings based upon facts that show crude conduct on the part of the wife but which was induced by him and in nearly every instance participated in by him.

The respondent is forty-four years of age, having been married to the libellant since she was eighteen; thus, she and libellant have been together for twenty-six years. The first fourteen years passed without any substantial complaint. She is a hard-working woman, and for the last two years has received practically no support from her husband, although he maintained a basis of friendship with her during this time. She supported herself and did not complain of his failure because she thought it due to his inability and not to any lack of desire on his part. He did not disabuse her of this thought, and although he knew her address, he did not communicate to her his intention of securing a divorce. From the time suit was brought until the master gave her the first information of it, the libellant was in friendly conversation with her. On numerous occasions this conduct arose to the heights of deceit, since he refrained from telling her that he was proceeding to divorce her. If his testimony stood alone and uncontradicted it is doubtful if it should be believed; but in view of her complete denials and of her apparent credibility, compared to his falseness in the whole matter, there remains no doubt that the libel should be dismissed.